IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

KENDRICK STORY                                                               PLAINTIFF
ADC #109934

v.                                          2:17cv00204-JLH-JJV

J. ANDREWS, Warden,
EARU, ADC; *et al.*                                                        DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.     Why the record made before the Magistrate Judge is inadequate.

2.     Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

**I.    INTRODUCTION**

Kendrick Story ("Plaintiff"), currently incarcerated at the Cummins Unit of the Arkansas Department of Correction ("ADC"), filed this action *pro se* and pursuant to 42 U.S.C. § 1983. (Doc. Nos. 2, 4.) He alleges Defendant Tashor Kelly, Mail Room Supervisor at the ADC's East Arkansas Regional Unit, withheld his legal mail for over a month, violating his right of meaningful access to the courts.[1] (Doc. No. 4 at 5.) Plaintiff seeks $10,000 in compensatory damages and $10,000 in punitive damages. (*Id*. at 7.) Defendant Kelly has filed a Motion for Summary Judgment, contending she is entitled to judgment as a matter of law on Plaintiff's claims. (Doc. Nos. 45-47.) Plaintiff has responded by filing his own Motion for Summary Judgment (Doc. Nos. 50-52), and this matter is now ripe for a decision. After careful review, and for the following reasons, I find summary judgment in Defendant Kelly's favor is appropriate and Plaintiff's claims should be DISMISSED.

---

[1] Plaintiff's claims against Defendant J. Andrews, Warden of the East Arkansas Regional Unit, were previously dismissed without prejudice for failure to state a claim. (Doc. Nos. 7, 29.)

## II.   COMPLAINT

According to Plaintiff's Amended Complaint, Defendant Kelly held "several legal letters" from him "for months each time," including mail from the Arkansas Supreme Court, from the United States District Court, and from an attorney.  (Doc. No. 4 at 5.)  Plaintiff's claims were previously limited to those raised and exhausted in grievance EA-17-00645.  (Doc. Nos. 40, 44.)  In that grievance, Plaintiff alleged he received a piece of legal mail on May 15, 2017, which had been sent to him via certified mail from attorney Amanda LaFever on April 18, 2017.  (Doc. No. 33-3.)  According to Plaintiff's Amended Complaint, this month-long delay caused Plaintiff to lose a case in federal court concerning his medical treatment:

> The case in question that she made me get dismissed was my lawsuit that was regarding my health and me not receiving any medical treatment, the lawyer sent me my production of documents that contained the exhibits that I needed to respond but [Defendant Kelly] did not give me my legal mail until a month and a half later that caused the judge to rule in the favor of the defendant.

(Doc. No. 4 at 5.)

## III.   SUMMARY JUDGMENT STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record, "including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials[.]" Fed. R. Civ. P. 56(c)(1)(A).

When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th

Cir. 2002). The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

## IV.   ANALYSIS

### A.   Official Capacity Claims

Plaintiff has sued Defendant Kelly in both her official and personal capacities. (Doc. No. 4 at 2.) He seeks only monetary damages. (*Id.* at 7.) Plaintiff's claims against Defendant Kelly in her official capacity are barred pursuant to the doctrine of sovereign immunity. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (a suit against a state official in his or her official capacity is not a suit against the official but rather a suit against the official's office and, as such, is no different from a suit against the state itself, which is barred by the Eleventh Amendment unless the state has waived its immunity); *Burk v. Beene*, 948 F.2d 489, 493-94 (8th Cir. 1991) (the State of Arkansas has not waived its Eleventh Amendment immunity). Accordingly, I recommend Plaintiff's official capacity claims against Defendant Kelly be dismissed.

B.  **Personal Capacity Claims**

Defendant Kelly contends she is entitled to qualified immunity on Plaintiff's claims against her in her personal capacity.[2] (Doc. No. 46 at 7.) Qualified immunity protects government officials who acted in an objectively reasonable manner and shields an official from liability when his or her conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Qualified immunity is a question of law, not a question of fact. *McClendon v. Story Cty. Sheriff's Office*, 403 F.3d 510, 515 (8th Cir. 2005). Thus, issues concerning qualified immunity are appropriately resolved on summary judgment. *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (the privilege is "an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial").

To determine whether defendants are entitled to qualified immunity, courts generally consider two questions: (1) whether the facts alleged or shown, construed in the light most favorable to the plaintiff, establish a violation of a constitutional or statutory right; and (2) whether that right was so clearly established that a reasonable official would have known that his or her actions were unlawful. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009); *see also Saucier v. Katz*, 533 U.S. 194, 201 (2001). Courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Nelson v. Corr. Med. Servs.*, 583 F.3d 522, 528 (8th Cir. 2009) (quoting *Pearson*, 555 U.S. at 236). Defendants are entitled to qualified immunity

---

[2] Although Defendant Kelly recites other arguments, I elect to evaluate the immunity issue first because qualified immunity is "immunity from suit rather than a mere defense to liability" and should be resolved "at the earliest possible stage in litigation." *Pearson v. Callahan*, 555 U.S. 223, 231-32 (2009).

only if no reasonable fact finder could answer both questions in the affirmative. *Id.* Upon review of the record in this case, I find the facts shown, construed in the light most favorable to Plaintiff, do not establish a violation of his constitutional rights.

Plaintiff cannot show the delay in receiving his legal mail resulted in the denial of his right to access the courts because the delay did not cause him an actual injury. "To prove a violation of the right of meaningful access to the courts, a prisoner must establish the state has not provided an opportunity to litigate a claim challenging the prisoner's sentence or conditions of confinement in a court of law, which resulted in actual injury, that is, the hindrance of a nonfrivolous and arguably meritorious underlying legal claim." *Hartsfield v. Nichols*, 511 F.3d 826, 831 (8th Cir. 2008) (quoting *White v. Kautzky*, 494 F.3d 677, 680 (8th Cir. 2007)). To prove actual injury, a prisoner must demonstrate a nonfrivolous legal claim was frustrated or impeded. *Id.* at 832. Plaintiff alleges his claim in a separate case was frustrated or impeded in that Defendant Kelly's actions caused the case to "get dismissed." (Doc. No. 4 at 5.) But evidence submitted in support of Defendant Kelly's Motion shows Plaintiff's allegation is clearly incorrect.

Plaintiff stated in his deposition that the delay in receiving documents he had requested in discovery almost made him miss the deadline for responding to a motion for summary judgment; however, he repeatedly acknowledged he did not actually miss the deadline. (Doc. No. 45-1 at 6-7, 9-10, 13.) Plaintiff identified the case at issue as *Story v. Loe*, which was pending in the Western District of Arkansas at the time he filed this case. *See Story v. Loe, et al.*, 1:16CV01038-SOH. The docket for *Story v. Loe* shows some defendants filed a motion for summary judgment on May 1, 2017, which Plaintiff responded to only one week later, on May 8, 2017. (Doc. Nos. 57, 61.) Other defendants – those represented by attorney LaFever – filed a motion for summary judgment on June 30, 2017, a month and a half *after* Plaintiff received the requested discovery. (Doc. No.

6

79.) Plaintiff was ordered to respond to this motion by August 4, 2017. (Doc. No. 85.) Plaintiff filed his response well before the deadline, on July 14, 2017. (Doc. No. 86.) Some of Plaintiff's claims survived the summary judgment motions, and the case was ultimately settled in mediation. (Doc. Nos. 94, 102, 104.) It is clear from the docket for *Story v. Loe* that Plaintiff's prosecution of that case was not hindered in any way by the delay in receiving discovery from attorney LaFever.[3]

Moreover, in support of her Motion, Defendant Kelly has submitted the detailed tracking information for the legal mail at issue, which shows it was stalled at a United States Postal Service facility in Dyess, Arkansas, from April 21, 2017, until May 15, 2017. (Doc. No. 45-3.) It was received at the ADC's East Arkansas Regional Unit on May 15, 2017, and Plaintiff acknowledges it was delivered to him that same day. (Doc. Nos. 33-3, 45-2.) Therefore, as Defendant Kelly points out, even if Plaintiff had suffered an actual injury, the evidence shows she was not responsible. In his own Motion, Plaintiff makes much of the fact that the envelope he received had two different dates stamped on it, showing it was received on both May 13, 2017, and May 15, 2017. (Doc. Nos. 51 at 11, 52 at 1.) He points to the warden's response to his grievance, which noted the mail had been received in the mail room on May 13, 2017, and then "sent back to the mailroom for some unknown reason" before it was delivered to Plaintiff on May 15, 2017.

---

[3] Even if Plaintiff misspoke in his deposition and the prior case he meant to refer to was *Story v. Delaney* – a case in which he alleged deliberate indifference to his medical needs – he still would not be able to demonstrate an injury. In *Story v. Delaney*, 1:16CV01004-SOH, which was also pending in the Western District of Arkansas at the time the instant case was filed, the defendant filed her motion for summary judgment on April 28, 2017. (Doc. No. 36.) Plaintiff filed a timely response on May 5, 2017, without having asked for any extensions of time. (Doc. No. 39.) And even more significantly, attorney LaFever was not involved in that case.

7

(Doc. No. 51 at 5.) But even assuming this two-day delay was the fault of some ADC employee, it cannot form the basis of any relief because the fact remains that Plaintiff suffered no injury.[4]

The facts alleged or shown, construed in the light most favorable to Plaintiff, do not establish a violation of his constitutional right to meaningful access to the courts. Accordingly, Defendant Kelly is entitled to qualified immunity on Plaintiff's claims against her in her individual capacity, and I recommend those claims be dismissed.

### C. Title 28 U.S.C. § 1915(g) Strike

Defendant Kelly contends the dismissal of this action should count as a "strike" under 28 U.S.C. § 1915(g), "because Plaintiff continued litigation of a frivolous lawsuit." (Doc. No. 46 at 8.) She notes Plaintiff was shown the certified mail receipts (Doc. Nos. 45-2, 45-3) demonstrating his legal mail was held up at a United States Postal Service facility and Defendant Kelly was not the cause of the delay, and he nonetheless declined to voluntarily dismiss his lawsuit, which justifies a strike. (Doc. No. 46 at 8-9.) I disagree. Section 1915(g) focuses on the status of a case at the time it is filed ("brought," in the language of the statute). At the time Plaintiff filed this case, he did not know his legal mail had been held up at a United States Postal Service facility. Of course, Plaintiff turned out to be wrong about the cause of the delay, but I cannot say his allegations against Defendant Kelly were frivolous at the outset.

### V. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Defendant Kelly's Motion for Summary Judgment (Doc. No. 45) be GRANTED.

---

[4] Plaintiff also alleges Defendant Kelly violated ADC policy and his constitutional rights because she admitted, in response to his requests for production of documents, that "[n]o one in the mail room has to sign for the legal mail." (Doc. No. 51 at 1, 6.) But the legal mail at issue, which was sent via certified mail, *was* signed for. (Doc. No. 45-2 at 1.)

2. Plaintiff's Motion for Summary Judgment (Doc. No. 50) be DENIED.

3. Plaintiff's claims against Defendant Kelly be DISMISSED WITH PREJUDICE.

4. Plaintiff's cause of action be DISMISSED.

5. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

DATED this 2nd day of August, 2018.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE